UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KATRINA B. FENNELL                                                                                    PLAINTIFF

V.                                                                      CIVIL ACTION NO.4:16CV-161-DAS

COMMISSIONER OF SOCIAL SECURITY                                              DEFENDANT

FINAL JUDGMENT

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

The court finds that the case must be remanded. The ALJ, in his decision, stated that he accepted the medical opinions of the plaintiff's treating specialist and gave them great weight. This physician, among other things, opined that Fennell's pain would frequently interfere with her ability to perform even simple tasks. The ALJ failed to include this restriction when he formulated her RFC. The ALJ must either include this additional limitation in the RFC or consistent with *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000) explain the basis for giving little or no weight to that part of the opinion. Because he omitted this restriction from the RFC, the ALJ found the plaintiff "not disabled" because she could still perform jobs at the assessed less than sedentary level. Had the ALJ included this restriction, he would necessarily have to find the plaintiff "disabled" because there would be no jobs the plaintiff could perform, per the vocational

expert's testimony. Therefore, the *Newton*/RFC error in this case is not harmless error, but a quintessential example of prejudicial error.

The court agrees with the Commissioner that the ALJ did not err in his evaluation of and characterization of the plaintiff's ability to drive.

While the court does not find reversible error, with regard to the plaintiff's complaints about the ALJ's analysis of her fibromyalgia, in light of the fact that this case must be remanded on other grounds, the ALJ is directed to evaluate the plaintiff's fibromyalgia in accordance with SSR 12-2p.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is reversed and remanded for further proceedings consistent with the ruling of the court and this judgment.

SO ORDERED AND ADJUDGED this the 14th of May, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE